INGRAHAM, P. J., CLARKE, SCOTT and MILLER, JJ., concurred.

Judgment reversed, with costs, and demurrer sustained, with costs, with leave to defendant to amend on payment of costs.

---

In the Matter of the Arbitration between HARRY N. GITT, Appellant, and JULIUS MARQUSEE, Respondent.

First Department, May 27, 1910.

Arbitration — appeal from judgment on award — review of interlocutory order — case.

Where a report of arbitrators has been confirmed the appeal should be taken from the judgment entered on the award, not from the order confirming the report.

One appealing from a judgment entered upon an award of arbitrators must file a case and exceptions showing the proceedings before the arbitrators if he desire to question the propriety of the award. If he desire to review the order confirming the award, it must be specified in the notice of appeal.

MOTION by Harry N. Gitt to open a default in filing printed papers, and by respondent to dismiss appeal.

*I. M. Aron,* for the motion.

*M. J. Bach,* opposed.

PER CURIAM:

It is not stated in the moving papers whether the appeal is from the order confirming the report of the arbitrators, or from the judgment entered thereon. By the Code of Civil Procedure it does not appear that an appeal from an order confirming the report of the arbitrators can be taken. By section 2381 of the Code, an appeal may be taken from an order vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action, and the proceedings upon such an appeal are governed by the provisions of chapter 12 of the Code, so far as they are applicable. By section 1353 of the Code it is provided that an appeal to the Appellate Division from a final judgment must be heard upon a certified copy of the notice of appeal, the judgment roll and the case and exceptions, if any, filed, as prescribed by law and the General Rules of Practice. It would seem to contemplate, therefore, that on an appeal from a judgment entered upon an award of arbitrators, if the appellant desires to raise any question as to the propriety of the award, he must do so by an appeal from the judgment which must contain a case showing the proceedings before the arbitrators. It would also appear that section 1301 of the Code is applicable; so that if on such an appeal the appellant desires to review the order confirming the award, that must be specified in the notice of appeal; as where an award is confirmed by the court and an appeal taken from the judgment entered thereon, if the appellant desires to review an interlocutory order of the court, he must specify that order in the notice of appeal; but the facts upon which the arbitrators decided can only be reviewed upon a case and exceptions.

The respondent is entitled to have this appeal promptly disposed of, and this application will be granted on condition that the appellant files and serves the printed papers on appeal as on an appeal from a judgment, with his brief, on or before June seventh.

Present — INGRAHAM, P. J., McLAUGHLIN, CLARKE, SCOTT and DOWLING, JJ.

Motion to dismiss appeal denied; motion to open default granted on terms stated in opinion.